IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**HOWARD INDUSTRIES, INC.**                                              **PLAINTIFF**

**V.**                                               **CAUSE NO. 2:15CV40-KS-MTP**

**FERGUSON ELECTRIC CONSTRUCTION CO., INC.**             **DEFENDANT**

<u>MEMORANDUM OPINION AND ORDER</u>

       For the reasons below, the Court **grants** Defendant's Motion to Dismiss [ECF No. 2].

I. BACKGROUND

       Defendant Ferguson Electric Construction Co., Inc. ("Ferguson"), a New York corporation, "sought to purchase electric transformers for a construction project in Buffalo, New York." Angelo Veanes Aff., ECF No. 2-2 Ex. B. "To that end, Ferguson contacted HC Zang Agency, Inc., ("HC Zang"), a New York corporation." *Id.* HC Zang conducted negotiations with Plaintiff Howard Industries, Inc., ("Howard"), a Mississippi corporation. *See Id.* Subsequent to those negotiations, Ferguson entered into a contract for sale to purchase electric transformers from Howard. *See* Invoice, ECF No. 1-2 Ex. A; Compl., ECF No. 1-2. Howard then delivered the transformers to Ferguson in New York. *See* ECF No. 1-2. The remaining balance owed by Ferguson is $72,928.00. *See* John Reid Aff., ECF No. 1-2 Ex. A. Howard demanded payment from Ferguson, but Ferguson refused to pay. *See* Compl., ECF No. 1-2.

       Howard filed this suit in the County Court of the First Judicial District of Jones County, Mississippi. *Id.* Howard seeks the remaining balance owed on the invoice, plus interest and fees. *Id.* On April 2, 2015, Ferguson removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. *See* Notice of Removal, ECF No.

1. Ferguson then filed its Motion to Dismiss pursuant to Rule 12(b)(2). *See* Mot. to Dismiss, ECF No. 2.

## II. DISCUSSION

"A federal court sitting in diversity may exercise personal jurisdiction only to the extent permitted [in] a state court under state law." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (citations omitted). "The court may only exercise jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the federal Constitution." *Id.* (citing *Alfred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997)). "When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident . . . . A plaintiff satisfies this burden by presenting a prima facie case for personal jurisdiction." *Unified Brands, Inc. v. Teders*, 866 F. Supp. 2d 572, 577 (S.D. Miss. 2012) (citations omitted). "The district court is not obligated to consult only the assertions in the plaintiff's complaint . . . . Rather, the district court may consider the contents of the record at the time of the motion, including affidavits . . . ." *Paz*, 445 F.3d at 812 (citations omitted). But "uncontroverted allegations in the plaintiff's complaint must be accepted as true, and all disputed facts must be construed in the plaintiff's favor." *Blacklidge Emulsions, Inc. v. Blankenship*, No. 1:13-CV-293, 2013 WL 6492876, at *1 (S.D. Miss. Dec. 10, 2013) (citations omitted).

A. Long-Arm Statute

"Mississippi's long-arm statute provides the courts shall have jurisdiction over a nonresident who: (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state, (2) commits a tort in whole or in part in this state against a resident or nonresident, or (3) does any business or performs any character of work or service in this state." *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 720 (S.D. Miss. 2014) (citing Miss. Code Ann. § 13-3-57 (1991)) (punctuation omitted). Here, Ferguson admits "it was subject to the "contract" prong of the [Mississippi] Long-Arm Statute because the contract at issue was to be performed in part by a Mississippi resident in Mississippi." Def.'s Reply, ECF No. 13 (citing Mot. to Dismiss, ECF No. 2).

### B. Due Process

Next, the Court considers

> whether the exercise of such jurisdiction under state law would comport with the dictates of the Fourteenth Amendment Due Process Clause. This Clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.
>
> Minimum contacts, for the purpose of satisfying due process, can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction.

*Unified*, 868 F. Supp. 2d at 579 (citations omitted). Plaintiff argues specific jurisdiction is proper here. To determine whether specific jurisdiction exists, the Court applies a three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state

3

or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Blacklidge*, 2013 WL 6492876 at *3 (quoting *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)).

Howard argues that Ferguson "purposefully availed itself of the duties and protections of Mississippi law" by entering into a contract with a Mississippi corporation. Pl.'s Mem. in Resp. to Def.'s Mot. to Dismiss, ECF No. 10. The Court finds Howard's argument unpersuasive. Ferguson is organized under the laws of New York, located in New York, is not qualified or licensed to do business in Mississippi, owns no property in Mississippi, and none of its officers, directors, or employees reside in Mississippi. *See* Angelo Veanes Aff., ECF No. 2-2 Ex. B. "The only connection [Ferguson] ha[s] with the state of Mississippi is that [it] entered into a contract with a resident of this state and communicated with [it] regarding the terms and performance of that contract." *Estate of Ainsworth v. Boutwell*, 776 F. Supp. 2d 227, 231 (S.D. Miss. 2011). "It is clearly established that merely contracting with a resident of the forum state does not establish minimum contacts . . . . [Moreover,] communications relating to the performance of a contract themselves are insufficient to establish minimum contacts." *McFadin v. Gerber*, 587 F.3d 753, 760 (5th Cir. 2009) (citations omitted). Here, Ferguson executed a purchase order and Howard accepted it. *See* Jeff Moss Aff., ECF No. 9-1 Ex. A. Howard then delivered the transformers to Ferguson in New York. *See* ECF No. 2-2 Ex. B. Howard did not present any evidence or allege that Ferguson had additional

4

contact with Mississippi. Accordingly, Ferguson's communication with Howard is insufficient to support a finding of specific jurisdiction.

Howard additionally argues Ferguson is subject to specific jurisdiction in Mississippi because Ferguson "hired agent HC Zang to find transformers [for Ferguson] to purchase" and "HC Zang, under its employment by Ferguson and on behalf of Ferguson, sent solicitations . . ." to Mississippi. ECF No. 10. Howard cites *Oxford Mall Co. v. K & B Mississippi Corp.*, 737 F. Supp. 962, 964 (S.D. Miss. 1990) to support this argument, but Howard incorrectly quoted and applied *Oxford* to this case. *Oxford* held that "[g]eneral partners as well as partnership employees or agents are agents for all other general partners." *Id*. Here, the Court is not dealing with general partners or partnerships, but instead corporations. Thus, *Oxford* is inapplicable.

Although "actions of an agent may establish minimum contacts over a principal[,]" Howard failed to provide sufficient evidence and/or factual allegations that Ferguson purposely availed itself to Mississippi through the actions of HC Zang. *McFadin*, 587 F.3d at 761 (citations omitted). Instead, Howard merely provided conclusory statements that "Ferguson knowingly dispatched its agent HC Zang to solicit business in Mississippi . . . ."[1] ECF No. 10. However, Ferguson provided evidence that its relationship with HC Zang was not for the solicitation of business in Mississippi, but instead for the purpose of "purchas[ing] electric transformers for a construction project in Buffalo, New York." ECF No. 2-2 Ex. B. In

---

[1] *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.2d 865, 869 (5th Cir. 2001) (finding the Court is not required to credit conclusory allegations, even if uncontroverted).

other words, Ferguson hired HC Zang to find transformers to purchase, and HC Zang unilaterally chose to purchase them from Howard.

*Industrial & Crane Servs., Inc. v. Crane & Rig Servs., LLC*, No. 1:14-CV-255, 2014 WL 6471474 (S.D. Miss. Nov. 18, 2014), had similar facts. There, Davis Motor Crane Services, Inc. ("Davis"), a Texas corporation, hired Crane & Rig Services ("Crane & Rig"), a Pennsylvania company, to perform repairs on a crane. *Id.* at *1. Crane & Rig then entered into a subcontract with Industrial & Crane Services, Inc. ("Industrial"), a Mississippi corporation, to perform the repairs on Davis's crane. *Id.* Crane & Rig transported Davis's crane from Texas to Mississippi, where Industrial performed the repairs. *Id.* After the repairs were completed, Crane & Rig transported the crane back to Davis in Texas. *Id.* Davis "noted issues related to the quality of work performed" and did not pay Crane & Rig, who subsequently did not pay Industrial. *Id.* Industrial filed suit against both Crane & Rig and Davis in Mississippi state court. *Id.* Davis removed the case to federal court and filed a motion to dismiss for lack of personal jurisdiction. *Id.* at *1-*2. Industrial argued,

> Davis Crane has sufficient minimum contacts with the State of Mississippi because Davis Crane "chose" to have the [ ] [c]rane repaired in Mississippi based on the price it was quoted by a Mississippi company, and the work on the [ ] [c]rane was performed in Mississippi.

*Id.* at *6. The court held that choosing a Mississippi company to repair the crane was the unilateral activity of Crane & Rig, which was insufficient to confer "specific personal jurisdiction over Davis Crane." *Id.* (citations omitted). Even if Davis had

6

made the decision, the contacts with Mississippi would have still been insufficient to establish jurisdiction.[2] *Id.*

Here, Ferguson hired HC Zang to find transformers for Ferguson to purchase. HC Zang then unilaterally contacted Howard and "conducted all of the negotiations regarding the transformers. Subsequent to those negotiations, Ferguson executed a purchase order . . . and sent it to Howard, who delivered the transformers to Ferguson in New York." ECF No. 2-2 Ex. B.

> No employee or representative of Ferguson ever entered Mississippi to inspect the transformers or conduct any other business. Ferguson never sent any product into Mississippi, nor did Ferguson take any steps to purposefully avail itself of the benefits of doing business in Mississippi. Ferguson performed all of its obligations under the purchase order in New York.

*Id.* Because HC Zang's unilateral activities[3] and Ferguson's communications relating to the contract[4] are insufficient to support specific jurisdiction, the Court finds that it does not have specific jurisdiction in this case.

Finally, Howard argues "where a nonresident contracting party breaches a contract, thereby causing damage through nonpayment of contractual amounts due to a Mississippi company, such damage implicates state concerns, such that the due process prong is met." ECF No. 10. Howard like the plaintiffs in *McFadin* and

---

[2] *See McFadin*, 587 F.3d at 760 (citations omitted) (holding "communications relating to the performance of a contract themselves are insufficient to establish minimum contacts."); *See Ainsworth*, 776 F. Supp. 2d at 231-32 (finding that defendant lacked minimum contacts sufficient to give rise to personal jurisdiction in the forum state where the defendant's "only connection . . . with the state . . . [was] that they had entered into a contract with the resident of [the] state and communicated with him").

[3] *See Ainsworth*, 776 F. Supp. 2d at 230 (citations omitted) (finding "the defendant must not be haled into a jurisdiction solely as a result of the unilateral activity of another party or third persons.")

[4] *See* N. 2.

7

*Ainsworth*, relies on *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003 (5th Cir. 1982). *Transpo* "addressed the context of interstate trucking, where there was no clear local nexus with any particular jurisdiction." *McFadin*, 587 F.3d at 761 (citations omitted). "Therefore, the nonresident defendant's telephone calls to Mississippi—directing a Mississippi company to ship goods from one part of the county to another, using trucks housed and serviced at a Mississippi headquarters—were sufficient to establish Mississippi as the hub of the parties' activities. *Ainsworth*, 776 F. Supp. 2d at 232 (citing *Transpo*, 681 F.2d at 1011). Here, New York is the hub of the activities. Ferguson is a New York corporation, the transformers were delivered to and installed in New York, and Howard sent employees to New York to perform repairs. *See* ECF No. 1-2; ECF No. 2-2 Ex. B. Ferguson has "no connection to Mississippi beyond the fact that they communicated and contracted with a Mississippi [corporation], and that is insufficient to establish personal jurisdiction." *Ainsworth*, 776 F. Supp. 2d at 232.

### III. CONCLUSION

For the reasons above, the Court finds Howard failed to show that Ferguson has sufficient contacts with Mississippi to justify the exercise of personal jurisdiction in this case. Accordingly, the Court **grants** Ferguson's Motion to Dismiss [ECF No. 2], and Howard's claims are dismissed **without** prejudice.

SO ORDERED this, the 15th day of July, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE